UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                      Case No. 18-20364
                                        Honorable Victoria A. Roberts

CLARENCE WEAVER,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SENTENCE REDUCTION (COMPASSIONATE RELEASE) [ECF No. 161]

### I. Introduction

Clarence Weaver moves for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and alternatively, for home confinement under 18 U.S.C § 3624(c)(2). As "extraordinary and compelling" circumstances, Weaver relies on the COVID-19 pandemic, prison conditions, his rehabilitation, and his underlying medical conditions: diabetes, obesity, hyperlipidemia, and gastroesophageal reflux.

Based on these circumstances and the 18 U.S.C. § 3553(a) applicable factors, the Court **DENIES** Weaver's motion for compassionate release.

1

## II.  Discussion

Upon a defendant's motion, the Court may modify his sentence if: (1) he fully exhausts all administrative remedies; (2) he shows "extraordinary and compelling reasons to warrant such a reduction [or release]"; and (3) the factors in 18 U.S.C. § 3553(a) support the reduction or release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

The statute also states that the Court shall determine whether a "reduction was consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). However, the Sixth Circuit held that the Sentencing Commission's policy statements on reduction of a term of imprisonment does not apply to motions for compassionate release filed directly by inmates, and the Court need not follow them. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Weaver fully exhausted remedies, but he cannot show that extraordinary and compelling circumstances warrant release, or that the § 3553 factors favor a sentence reduction.

### A. Medical Conditions and COVID-19

The Court sentenced Weaver to 72 months following his 2018 convictions for conspiracy and possession with intent to distribute methamphetamine.

He has underlying health conditions that place him at increased risk of severe illness due to COVID-19, yet Weaver declined to get vaccinated. Weaver also says that the environment at the prison where he is housed - Allenwood Low FCI - makes it "impossible" to social distance and self-care.

Weaver's access to the COVID-19 vaccine mitigates any extraordinary and compelling medical reasons for release. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[If a prisoner] has access to the COVID-19 vaccine, [incarceration during the COVID-19 pandemic] does not present an extraordinary and compelling reason warranting a sentence reduction").

Several district courts in the Sixth Circuit have declined to find extraordinary and compelling circumstances when a defendant had medical conditions that might otherwise compel release, but he declined the vaccine. *See, e.g.*, *United States v. Cotton*, No. 18-20315, 2021 WL 1601403 (E.D. Mich. Apr. 23, 2021); *United States v. Goston*, No. 15-

20694, 2021 WL 872215 (E.D. Mich. Mar. 9, 2021); *United States v. Wilson*, 2021 WL 3417917, at *3 n.13 (E.D. Mich. Aug. 5, 2021). And the Sixth Circuit recently held that, even if defendant has underlying health conditions, "If an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Lemons*, 15 F.4th at 751.

Weaver has access to the vaccine and presents no compelling circumstances justifying failure to be vaccinated.

### B. Prison Conditions

Weaver cites to limited access to recreation, the size of his living space, the condition of prison bathrooms and showers as extraordinary and compelling circumstances. [ECF. No. 161, PageID.1221]. These limitations, while burdensome and disappointing to Weaver, are not sufficient to warrant a sentence reduction or early release.

### C. REHABILITATION

Weaver says that he worked approximately 200 hours since he began his incarceration on these charges at FCI Milan in May 2018. He

4

says that because of COVID, he did not receive time reduction credits under the First Step Act (FSA) because he completed these hours before he was transferred to Allenwood Low FCI, "where he is now serving his sentence." [ECF No. 165, PageID.1452].

Under recent FSA amendments, inmates eligible under the FSA can receive retroactive time credit (towards prerelease custody) from the Bureau of Prisons (BOP) for evidence-based recidivism reduction programs they participated in from "December 21, 2018, until January 14, 2020." 28 C.F.R § 523.42(b) (1-2).

Congress did not make the statute retroactive beyond this date. More importantly, the code of federal regulation that Weaver relies on pertains to internal operations and decisions by the BOP and not to decisions the Court makes in conjunction with motions for sentence reduction. *See United States v. Moore*, No. 2:93-CR-310-ID, 2009 WL 2970464, at *2 (M.D. Ala. Sept. 11, 2009) ("As a general matter, it is plain from the statute that the Attorney General is charged with administration of this pilot program, and the Court is not inclined to interfere with his authority in that regard.")

Even if the Court was compelled to take this regulation into account, incarcerated persons cannot show that extraordinary and compelling

5

circumstances warrant release solely based on a nonretroactive change in the law. *United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021).

Finally, even if Weaver worked hours between December 21, 2018 and January 14, 2020 for which the BOP did not give him credit towards prerelease custody, the Court lacks authority under the FSA to compel the BOP to award Weaver those credits. The exclusive authority to determine a prisoner's place of incarceration— including home confinement—rests with the BOP, not with the sentencing court. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment..."). Such a decision "is not reviewable by any court." 18 U.S.C. § 3621(b)(5). *See also Miller v. United States*, No. 16-20222-1, 453 F.Supp.3d 1062, 1064–65, (E.D. Mich. Apr. 9, 2020); *United States v. Mitchell*, 472 F. Supp. 3d 403, 409 (E.D. Mich. 2020); *United States v. Doshi*, No. 13-cr-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020).

Nonetheless, the Court may consider the hours that Weaver worked along with his other significant efforts toward rehabilitation.

There is no dispute that the BOP classifies Weaver's risk of reoffending as "low" under the FSA's recidivism risk assessment tool. [ECF No. 161, PageID.1245]. He has completed more than 50% of his sentence and is enrolled in several adult education courses. Weaver has prison work

6

experience and has participated in residential and non-residential drug programs. [ECF. No. 165, PageID.1452]. Since sentencing, he has incurred no prison discipline. He does have a release plan that details where he will live, his means of support and transportation, and how he will get medical care. [ECF No. 161, PageID.1247]. Weaver desires to be physically present with his longtime partner and children. He says he will lead a better life upon release.

However, a prisoner's rehabilitation, without more, is not an extraordinary and compelling circumstance warranting sentence reduction. *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021).

Weaver's circumstances are not sufficiently extraordinary and compelling – either individually or collectively – to support a sentence reduction.

**B. § 3553 Factors**

Even if Weaver's circumstances were extraordinary and compelling, the § 3553 factors do not favor release.

Weaver's offense is serious; he engaged in a conspiracy to distribute dangerous drugs. He also has an extensive criminal history – five drug crimes. One of those crimes occurred while he was on parole. He has a

conviction for a violent felony. He does not dispute that, during his incarceration in the state correctional system, he received nine misconduct violations.

The Court believes that the sentence it imposed serves the § 3553 factors: it accounts for Weaver's history and circumstances. It reflects the seriousness of Weaver's offenses, promotes respect for the law, provides just punishment, and affords adequate deterrence.

### C. Conclusion

The grounds Weaver offers in support of a sentence reduction do not amount to extraordinary and compelling circumstances and they do not support a sentence reduction. Weaver also fails to show that the § 3553(a) factors support a reduction.

The Court **DENIES** Weaver's motion for sentence reduction.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 4, 2022